# IN THE COURT OF APPEALS OF IOWA

No. 22-2103
Filed December 6, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**THRACE SHAQUIELLE YOUNG-MCDADE,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Adria Kester,

Judge.


Thrace Young-McDade appeals the agreed-upon consecutive sentences

following his guilty pleas. **APPEAL DISMISSED.**


Shawn Smith of The Smith Law Firm, PC, Ames, for appellant.

Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee.


Considered by Tabor, P.J., and Badding and Chicchelly, JJ.

**BADDING, Judge.**

In a written plea agreement with the State, Thrace Young-McDade agreed to plead guilty to use of a dangerous weapon in the commission of a crime and theft in the fourth degree. The agreement read as follows:

> Defendant will be entering GPlea to:
> COUNT 1, amended to use of dangerous weapon , aggravated misdemeanor, and
> COUNT 2, Theft 4th , serious misdemeanor.
> IN VIOLATION OF IOWA CODE § 724.4 714.1(1) and 714.2(4)
>
> _X_ PRISON TERM    2 years count 1 concurrent to one year count 2, imposed
>
> CONSECUTIVE TO: **AMCR355703**  CONCURRENT TO: **N/A**

Young-McDade signed a separate written guilty plea for each charge. Paragraph 12 of both guilty pleas stated the counts in this case would be concurrent to one another but "consecutive to AMCR355703"—a separate parole proceeding in a different county. In each agreement, Young-McDade signed his acknowledgment of the following "agreement as to sentence" language: "Defendant agrees that the sentence agreed upon by himself, defense counsel, and the state is as stated in paragraph 12 above."

The district court accepted the guilty pleas and set the matter for sentencing. On the day of the hearing,[1] the court sentenced Young-McDade to the agreed-upon sentences: concurrent terms of imprisonment on the two counts in this case, to be served consecutively to the separate case listed in the plea documents.

---

[1] It does not appear an actual hearing was held. No court reporter memorandum was filed, and the combined certificate states no transcript was ordered because "no reported hearings were made." Young-McDade's written guilty pleas waived his right to be present in court for sentencing on these misdemeanor charges and his right of allocution.

Young-McDade appeals, claiming the "district court reversibly erred and violated the terms or spirit of" the plea agreement "by imposing sentences that mandated they run consecutively with that resulting from another case." The State argues that Young-McDade's appeal should be dismissed because he does not have good cause to appeal agreed-upon sentences. *See* Iowa Code § 814.6(1)(a)(3) (2022); *State v. Patten*, 981 N.W.2d 126, 129 (Iowa 2022) ("To appeal a sentence following a guilty plea—unless the plea is to a class 'A' felony—the Iowa Code requires a defendant to establish good cause."). We agree.

Good cause typically exists "to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). An appeal claiming that the prosecutor breached the plea agreement with respect to a sentencing recommendation is a challenge to the sentence imposed, rather than the plea itself, and constitutes good cause to appeal under Iowa Code section 814.6(1)(a)(3). *See Patten*, 981 N.W.2d at 130. But here, Young-McDade is arguing the *district court* breached the plea agreement, not the prosecutor, by imposing consecutive sentences that he did not agree to.[2] *Cf. id.* That's simply wrong, as shown by the plea documents and the court's sentencing order.

Because Young-McDade received the agreed-upon sentences under the plea agreement, he has not established good cause to appeal. *See State v. Thompson*, 951 N.W.2d 1, 2 (Iowa 2020) ("[A] defendant who is not challenging

---

[2] The plea agreement was not conditioned on the court's concurrence, *see* Iowa R. Crim. P. 2.10(3), and Young-McDade's written guilty pleas acknowledged the court "may sentence me up to the maximum provided by the law."

her guilty plea or conviction has good cause to appeal an alleged sentencing error when the sentence was neither mandatory nor agreed to in the plea bargain."); *accord State v. Estabrook*, No. 22-1118, 2023 WL 2671954, at *1 (Iowa Ct. App. Mar. 29, 2023) (collecting cases that dismissed appeals "due to lack of showing of good cause when the sentence imposed is mandatory or the agreed-upon sentence under the plea agreement"). Without good cause, we have "no jurisdiction, and the appeal must be dismissed." *State v. Rutherford*, No. 22-0553, 2023 WL 72370987, at *1 (Iowa Nov. 3, 2023).

**APPEAL DISMISSED.**